[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE THE THIRD COUNT OF THE COMPLAINT
The defendant, Testwell Craig Laboratories, has moved to strike count three of the plaintiff's complaint. Count three alleges a violation of sec. 42-110a et seq. of the General Statutes (CUTPA). Testwell claims that count three merely repeats the breach of contract claim set forth in Count One. The plaintiff argues that it has alleged a cause of action under CUTPA which is legally sufficient because it goes beyond a simple breach of contract claim.
Our Supreme Count uses the following test to determine whether a practice is unfair (even if not deceptive):
 (1) whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law or otherwise — whether, in other words it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers (or competitors or other businessmen).
Web Press Services Corp. v. New London Motors, Inc., 205 Conn. 479,482 (1987) (citing FTC v. Sperry Hutchinson Co., 405 U.S. 233
(1972).
The third prong, substantial injury, has been further defined:
[1] It must be substantial;
 [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and
 [3] it must be an injury that consumers themselves could not reasonably have avoided.
Web Press Services Corp., 205 Conn. at 484 [citing McLaughlin Ford, Inc. v. Ford Motor Co., 192 Conn. 558 (1984).]
In this case, the plaintiffs have alleged a number of safety problems connected with the defendant's contractual obligation to inspect and test the concrete and related operations of building a parking garage. These allegations include a failure to conform to industry practice and generally accepted engineering principles; failure to make certain specifically described safety determinations and to detect safety problems; failure to notify the plaintiff of defects and deficiencies; failure to have qualified inspectors on site; having repeatedly made representations to the plaintiff that the garage project was proceeding satisfactorily; and, having unfairly and deceptively withheld knowledge of these defects and deficiencies from the plaintiff and appropriate government agencies.
The plaintiff also alleges a number of injuries including lost tenants, lost increased rent revenues, extensive repair and reconstruction of the garage, the necessity of arranging temporary parking, the relocation of a pool, and lost garage revenues.
The allegations of the plaintiff's pleading meet the Web Press tests for stating a CUTPA violation. Since public safety was allegedly affected (at least potentially since the concrete was allegedly substandard), public policy may have been offended. The plaintiff has alleged that the defendant withheld knowledge of defects which may be immoral, unethical, oppressive or unscrupulous. The plaintiff has alleged injuries that rise to the level of "substantial" as that standard is also defined in Web Press.
Accordingly, the plaintiff has alleged a cause of action under CUTPA.
For the foregoing reasons, the motion to strike the third count and the related demand for attorney's fees is denied.
HAMMER, J. CT Page 3443